UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

EMMANUEL OKWUOSA, ET AL.,

        Plaintiffs,

   v.

CITY OF ELK GROVE, ET AL.,

        Defendants.

No. 2:09-cv-01383-MCE-EFB

MEMORANDUM AND ORDER

Presently before the Court is Plaintiffs' Motion for Temporary Restraining Order ("TRO") through which Plaintiffs seeks to enjoin: 1) enforcement of various Stop Work orders issued by the City of Elk Grove; and 2) various allegedly discriminatory practices. For the following reasons, Plaintiffs' Application is denied.

///
///
///
///

1

1 | Certain prerequisites must be satisfied prior to issuance of
2 | a temporary restraining order. See Granny Goose Foods, Inc. v.
3 | Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439
4 | (1974) (stating that the purpose of a TRO is "preserving the
5 | status quo and preventing irreparable harm just so long as is
6 | necessary to hold a hearing [on the preliminary injunction
7 | application], and no longer"). In order to warrant issuance of
8 | such relief, Plaintiffs must demonstrate either: 1) a combination
9 | of probable success on the merits and a likelihood of irreparable
10 | injury; or 2) that serious questions are raised and the balance
11 | of hardships tips sharply in favor of granting the requested
12 | injunction. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush &
13 | Co., Inc., 240 F.3d 832, 839-40 (9th Cir. 2001); Winter v.
14 | Natural Resources Defense Council, 129 S. Ct. 365, 375 (2008)
15 | (likelihood rather than possibility of success on the merits
16 | required for issuance of preliminary injunctive relief). These
17 | two alternatives represent two points on a sliding scale,
18 | pursuant to which the required degree of irreparable harm
19 | increases or decreases in inverse correlation to the probability
20 | of success on the merits. Roe v. Anderson, 134 F.3d 1400, 1402
21 | (9th Cir. 1998); United States v. Nutri-cology, Inc., 982 F.2d
22 | 394, 397 (9th Cir. 1992).
23 | First, Plaintiffs have alleged no facts indicating to this
24 | Court that their discrimination claims are even remotely likely
25 | to succeed. Plaintiffs have simply alleged that they are
26 | African-American, and a neighbor, with whom they apparently have
27 | a less than amicable relationship, is Caucasian.
28 | ///

Such allegations are wholly inadequate to establish governmental discrimination or to convince this Court, especially at such a premature stage in litigation, that it would be proper to enter an Order directing a municipality to act or to refrain from acting in any way.

Additionally, it appears that Plaintiffs have failed to exhaust their administrative remedies. See Complaint, Exhs. 1-3. Accordingly, it is premature for them to seek the requested relief in this Court.

Finally, the very purpose of a TRO is to preserve the status quo, which in this case is one in which Plaintiffs are not permitted to further excavate under their original plans. Thus, to allow Plaintiffs to resume construction would not preserve, but would drastically alter, the status quo.

Consequently, Plaintiffs' Application is DENIED. Hearing on Plaintiff's Motion for Preliminary Injunction is hereby scheduled at **2:00 p.m. on Thursday, June 11, 2009,** in Courtroom 7 before Judge Morrison C. England, Jr.

IT IS SO ORDERED.

Dated: May 20, 2009

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE